### UNITED STATES DISTRICT COURT FOR
### THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER ROBINSON<br>6600 Cornelius Street, Apt. A<br>Philadelphia, PA 19138<br><br>&<br><br>RUSSELL MCPHERSON<br>809 E. Cayuga Street<br>Philadelphia, PA 19138<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN MAST<br>211 Commerce Street<br>Smyrna, DE 19977<br><br>and<br><br>HERITAGE CRYSTAL CLEAR, LLC<br>3970 W. 10th Street<br>Indianapolis, IN 46222<br><br>Defendants. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

TO:   CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

United States District Court for the Eastern District of Pennsylvania
United States Courthouse
601 Market Street
Philadelphia, PA  19106

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Brian Mast and Heritage-Crystal Clean, LLC[1] (collectively, "Defendants"), by and through their undersigned counsel, hereby give notice of removal of this action from the Court of Common Pleas for Bucks County, Pennsylvania, Civil Law Division, where it is pending as Case No. 2017-04755, to the United States District Court for the Eastern District of Pennsylvania.  As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants satisfy the procedural requirements for removal under 28 U.S.C. § 1446, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  In support of removal, Defendants aver:

## THE STATE COURT ACTION

1.  Plaintiff, Jennifer Robinson, is an individual who resides at 6600 Cornelius Street, Apt. A, Philadelphia, PA 19138.  (Complaint, attached hereto as Exhibit A.)

2.  Plaintiff, Russell McPherson, is a citizen who resides at 809 Cayuga Street, Philadelphia, PA 19138.  (Complaint, attached hereto as Exhibit A.)

3.  Plaintiffs filed the Complaint on July 21, 2017.

4.  Plaintiffs' Complaint arises out of injuries allegedly sustained when Plaintiffs were allegedly struck by "a motor vehicle owned by defendant, Heritage Crystal Clean, LLC" and driven by Brian Mast "at or near Street Road and Lincoln Highway, in the Township of Bensalem and County of Bucks, in the Commonwealth of Pennsylvania."  (Ex. A ¶ 6).

---

[1] Plaintiff incorrectly names as defendant Heritage Crytstal Clear, LLC.

## DIVERSITY JURISDICTION

5.     Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

6.     This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

7.     Plaintiffs' verified Complaint declares that Jennifer Robinson and Russell McPherson are individuals who reside in Pennsylvania.  Plaintiffs are, therefore, citizens of the Commonwealth of Pennsylvania.

8.     "The citizenship of an LLC is determined by the citizenship of its members." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

9.     A corporation is a citizen of the state in which it is incorporated and in which it maintains its principle place of business.  28 U.S.C. § 1332(c).

10.     At all relevant times, Brian Mast, is and was an individual residing at 211 W. Commerce Street, Smyrna, DE 19977.

11.     At all relevant times, Heritage-Crystal Clean, LLC was and is a single member LLC with its sole member, Heritage-Crystal Clean, Inc., a Delaware Corporation, having a principal place of business in Elgin, Illinois.

12.     Therefore, for diversity of citizenship purposes, Heritage-Crystal Clean, LLC is a citizen of the states of Delaware and Illinois.

13.     Complete diversity exists where Plaintiffs are citizens of the Commonwealth of Pennsylvania and Defendants are citizens of the states of Delaware and Illinois.

14.     This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

15.     The sum demanded in the complaint shall be deemed to be the amount in controversy, but in instances in which the complaint does not specify an amount in controversy, the defendant may assert that it exceeds the threshold if state practice "permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii).

16.     In their Complaint, Plaintiffs claim to seek damages against Defendants "in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary." Plaintiffs further aver that they will require ongoing medical treatment and/or incur medical expenses in the future and "may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's [sic.] further loss and detriment." (Ex. A ¶¶ 38-41).

17.     Based on Plaintiffs' allegations in the Complaint, it is therefore averred that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

18.     Accordingly, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## REMOVAL JURISDICTION

19.     This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

20.     Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1441(b) further provides

that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  Id. § 1441(b).

21.     Plaintiff filed this action in the Court of Common Pleas of Bucks County.  The Eastern District of Pennsylvania is the judicial district embracing Bucks County, the place where the State Action was brought, and, therefore, is the proper district court to which this case should be removed.  See 28 U.S.C. §§ 1441(a), 1446(a).

22.     Under Section 1446(b), the notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief.  28 U.S.C. § 1446(b).

23.     Defendants received the Complaint via mail on July 27, 2017.  Defendants are filing this notice within thirty (30) days of receipt of the Complaint pursuant to 28 U.S.C. § 1446(c).  Therefore, this removal is timely because 30 days have not elapsed from the date of service of the Complaint.

24.     Pursuant to Section 1446(b)(2)(A), all Defendants have consented to removal.  All Defendants are represented by the same undersigned counsel.

25.     Further, pursuant to Section 1446(a), Defendants are simultaneously filing with this Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Court of Common Pleas of Bucks County in this removed action.

26.     Additionally, Defendants are filing a copy of this petition for removal with the Prothonotary of the Court of Common Pleas of Bucks County.  See 28 U.S.C. § 1446(d).

27.     Defendants reserve the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendants, Brian Mast and Heritage-Crystal Clean, LLC, hereby remove this action now pending against them in the Court of Common Pleas of Bucks County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

COZEN O'CONNOR

BY: ___/s/ Paul K. Leary, Jr.___

Paul K. Leary, Jr., Esq.
F. Brenden Coller, Esq.
Nicholas A. Karwacki, Esq.
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
pleary@cozen.com
bcoller@cozen.com
nkarwacki@cozen.com
*Attorneys for Defendants*

Dated: August 25, 2017

## CERTIFICATE OF SERVICE

I, Paul K. Leary, Jr., Esquire, attorney for Defendants, hereby certify that a copy of the

foregoing Notice of Removal was served upon the following counsel via first-class mail, postage

prepaid, on August 25, 2017, addressed as follows::

Marc F. Greenfield, Esquire
SPEAR, GREENFIELD, RICHMAN & WEITZ, P.C.
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA  19102
*Attorneys for Plaintiff*

_/s/ Paul K. Leary, Jr._____
Paul K. Leary, Jr., Esq.

# Exhibit "A"



## COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

JENNIFER ROBINSON

vs.

BRIAN MAST

NO.  2017-04755

### CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Bucks County Court of Common Pleas. The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:  MARC FREDRIC GREENFIELD, Esq., ID: 62081

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**          ☐ Yes      ☒ No

**MDJ Appeal**     ☐ Yes   ☒ No          **Money Damages Requested** ☒

**Commencement of Action:**          **Amount in Controversy:**

Complaint          More than $50,000

## Case Type and Code

Tort:

Motor Vehicle

**Other:**

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

Case# 2017-04755-0 - JUDGE:40   Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

**SPEAR, GREENFIELD, RICHMAN & WEITZ, P.C.**
BY:    MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 62081                                              **MAJOR JURY**
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 985-2424
Attorney for plaintiff

---

| | | |
|---|---|---|
| **JENNIFER ROBINSON** | : | COURT OF COMMON PLEAS |
| 6600 Cornelius Street, Apt. A | : | COUNTY OF BUCKS |
| Philadelphia, PA 19138 | : | CIVIL TRIAL DIVISION |
| & | : | |
| **RUSSELL MCPHERSON** | : | |
| 809 E. Cayuga Street | : | |
| Philadelphia, PA 19138 | : | |
| v. | : | |
| **BRIAN MAST** | : | |
| 211 W. Commerce Street | : | |
| Smyrna, DE 19977 | : | |
| & | : | |
| **HERITAGE CRYSTAL CLEAR, LLC** | : | |
| 3970 W. 10th Street | : | |
| Indianapolis, IN 46222 | : | |

---

## COMPLAINT IN PERSONAL INJURY
## MOTOR VEHICLE ACCIDENT

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

BUCKS COUNTY BAR ASSOCIATION
135 E. State Street
P.O. Box 300
Doylestown, PA 18901
(215) 348-9413

**ADVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉIFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

BUCKS COUNTY BAR ASSOCIATION
135 E. State Street
P.O. Box 300
Doylestown, PA  18901
(215) 348-9413

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

## COMPLAINT IN PERSONAL INJURY
## MOTOR VEHICLE ACCIDENT

1.  Plaintiff, Jennifer Robinson, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.  Plaintiff, Russell McPherson, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

3.  Defendant, Brian Mast, is a citizen and resident of the State of Delaware, with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or as a lessee, agent, servant, workman, and/or employee of defendant, Heritage Crystal Clean, LLC, with the express, apparent and/or implied permission, authorization and/or consent of defendant, Heritage Crystal Clean, LLC.

4.  Defendant, Heritage Crystal Clean, LLC, is a limited liability company doing business in the Commonwealth of Pennsylvania with an address listed in the caption of this Complaint, which at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendant, Brian Mast.

5.  On or about March 4, 2016, plaintiff, Russell McPherson was a passenger in a motor vehicle being operated by plaintiff, Jennifer Robinson, which was traveling at or near Street Road and Lincoln Highway, in the Township of Bensalem and County of Bucks, in the Commonwealth of Pennsylvania.

6.  At the same date and time, defendant, Brian Mast, operated a motor vehicle owned by defendant, Heritage Crystal Clean, LLC, at or near  Street Road and Lincoln Highway, in the Township of Bensalem and County of Bucks, in the Commonwealth of Pennsylvania.

7.  Suddenly and without warning, defendant, Brian Mast, negligently and/or carelessly

2

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

operated the motor vehicle owned by defendant, Heritage Crystal Clean, LLC, in such a manner as to strike the plaintiffs' vehicle.

      8.     As a result of this accident, plaintiffs have suffered severe and permanent bodily injuries, as are more fully set forth below.

**COUNT I**
**Jennifer Robinson v. Brian Mast**
<u>**Personal Injury**</u>

      9.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

      10.    The negligence and/or carelessness of defendant consisted of the following:

      a.    Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

      b.    Failing to have defendant Heritage Crystal Clean, LLC's motor vehicle under proper and adequate control;

      c.    Failing to observe the position of the vehicle plaintiff occupied and to take such action as was necessary to prevent striking said vehicle;

      d.    Failing to operate defendant Heritage Crystal Clean, LLC's motor vehicle at a speed which would have allowed the defendant to stop within an assured clear distance;

      e.    Operating defendant Heritage Crystal Clean, LLC's motor vehicle at a dangerous and excessive rate of speed under the circumstances;

      f.    Failing to maintain a safe distance from the plaintiffs' vehicle;

      g.    Being inattentive to the defendant's duties as an operator of a motor vehicle;

3

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

h.   Disregarding traffic lanes, patterns and other devices;

i.   Failing to keep an adequate distance from other vehicles that were within the vicinity of the vehicle that defendant, Brian Mast, was operating;

j.   Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

k.   Failing to give the plaintiff meaningful warning signs concerning the impending incident;

l.   Failing to exercise ordinary care to avoid injuring plaintiff;

m.   Failing to be highly vigilant and to maintain sufficient control of defendant Heritage Crystal Clean, LLC's vehicle;

n.   Striking the vehicle plaintiff occupied;

o.   Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

p.   Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

q.   Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

r.   Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the Township of Bensalem and County of Bucks, and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

4

Case# 2017-04755-0 - JUDGE:40   Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

s.  Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

11. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: posttraumatic concussion, posttraumatic cervical sprain and strain, cervical radiculitis, posttraumatic lumbar sprain and strain, lumbar radiculitis, and other ills and injuries, all to plaintiff's great loss and detriment.

12. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

13. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

14. As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

15. Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and/or

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT II
### Jennifer Robinson v. Brian Mast
### Property Damage

16.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

17.     As a result of defendant's, negligence and/or carelessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

## COUNT III
### Jennifer Robinson v. Heritage Crystal Clean, LLC
### Personal Injury

18.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

19.     The negligence and/or carelessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

      a.     Operating a motor vehicle in a negligent and/or careless manner without
             regard for the rights or safety of plaintiff or others;

6

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

b.     Failing to have defendant Heritage Crystal Clean, LLC's motor vehicle under proper and adequate control;

c.     Failing to observe the position of the vehicle plaintiff occupied and to take such action as was necessary to prevent striking said vehicle;

d.     Failing to operate defendant  Heritage Crystal Clean, LLC's  motor vehicle at a speed which would have allowed the  defendant to stop within an assured clear distance;

e.     Operating defendant  Heritage Crystal Clean, LLC's  motor vehicle at a dangerous and excessive rate of speed under the circumstances;

f.     Failing to maintain a safe distance from the plaintiffs' vehicle;

g.     Being inattentive to the defendant's duties as an operator of a motor vehicle;

h.     Disregarding traffic lanes, patterns and other devices;

i.     Failing to keep an adequate distance from other vehicles that were within the vicinity of the vehicle that defendant, Brian Mast, was operating;

j.     Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

k.     Failing to give the plaintiff meaningful warning signs concerning the impending incident;

l.     Failing to exercise ordinary care to avoid injuring plaintiff;

m.     Failing to be highly vigilant and to maintain sufficient control of defendant Heritage Crystal Clean, LLC's vehicle;

n.     Striking the vehicle plaintiff occupied;

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

o.    Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

p.    Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

q.    Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

r.    Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the Township of Bensalem and County of Bucks, and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

s.    Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

20.    The negligence and/or carelessness of defendant further consisted of the following:

a.    Permitting an incompetent driver to operate the motor vehicle;

b.    Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.    Failing to determine whether defendant driver possessed a valid license or other requirements to drive and/or operate a motor vehicle;

d.    Failure to inspect defendant driver's prior history of bad driving;

8

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

e.     Failing to instruct defendant driver in the proper method of operating a motor vehicle;

f.     Failing to properly instruct the defendant driver on how to properly operate his or her motor vehicle and its warning apparatus in an emergency situation;

g.     Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver were operating the motor vehicle at the aforesaid time and place as herein before described;

h.     Failing to maintain said vehicle in a safe condition; and,

i.     Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway.

21.     As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to:  posttraumatic concussion, posttraumatic cervical sprain and strain, cervical radiculitis, posttraumatic lumbar sprain and strain, lumbar radiculitis, and other ills and injuries, all to plaintiff's great loss and detriment.

22.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23.     As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

9

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

24. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

25. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE,** plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**COUNT IV**
**Jennifer Robinson v. Heritage Crystal Clean, LLC**
**Property Damage**

26. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

27. As a result of defendant's, negligence and/or carelessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE,** plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

Case# 2017-04755-0 - JUDGE:40   Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

**COUNT V**
**Russell McPherson v. Brian Mast**
**Personal Injury**

28.    Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

29.    The negligence and/or carelessness of defendant consisted of the following:

a.    Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b.    Failing to have defendant Heritage Crystal Clean, LLC's motor vehicle under proper and adequate control;

c.    Failing to observe the position of the vehicle plaintiff occupied and to take such action as was necessary to prevent striking said vehicle;

d.    Failing to operate defendant Heritage Crystal Clean, LLC's motor vehicle at a speed which would have allowed the defendant to stop within an assured clear distance;

e.    Operating defendant Heritage Crystal Clean, LLC's motor vehicle at a dangerous and excessive rate of speed under the circumstances;

f.    Failing to maintain a safe distance from the plaintiffs' vehicle;

g.    Being inattentive to the defendant's duties as an operator of a motor vehicle;

h.    Disregarding traffic lanes, patterns and other devices;

i.    Failing to keep an adequate distance from other vehicles that were within the vicinity of the vehicle that defendant, Brian Mast, was operating;

j.    Failing to perceive the highly apparent danger to others which the defendant's

11

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

actions and/or inactions posed;

k.  Failing to give the plaintiff meaningful warning signs concerning the impending incident;

l.  Failing to exercise ordinary care to avoid injuring plaintiff;

m.  Failing to be highly vigilant and to maintain sufficient control of defendant Heritage Crystal Clean, LLC's vehicle;

n.  Striking the vehicle plaintiff occupied;

o.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

p.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

q.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

r.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the Township of Bensalem and County of Bucks, and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

s.  Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

30.  As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not

limited to: posttraumatic cephaglia, posttraumatic cervical sprain and strain, posttraumatic lumbar sprain and strain, multi-level lumbar disc protrusions, left L5 lumbar radiculopathy, and other ills and injuries, all to plaintiff's great loss and detriment.

31.    As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

32.    As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

33.    As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

34.    Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

Case# 2017-04755-0 - JUDGE:40 Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

**COUNT VI**
**Russell McPherson v. Heritage Crystal Clean, LLC**
**Personal Injury**

35. Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

36. The negligence and/or carelessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

a. Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b. Failing to have defendant Heritage Crystal Clean, LLC's motor vehicle under proper and adequate control;

c. Failing to observe the position of the vehicle plaintiff occupied and to take such action as was necessary to prevent striking said vehicle;

d. Failing to operate defendant Heritage Crystal Clean, LLC's motor vehicle at a speed which would have allowed the defendant to stop within an assured clear distance;

e. Operating defendant Heritage Crystal Clean, LLC's motor vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Failing to maintain a safe distance from the plaintiffs' vehicle;

g. Being inattentive to the defendant's duties as an operator of a motor vehicle;

h. Disregarding traffic lanes, patterns and other devices;

i. Failing to keep an adequate distance from other vehicles that were within the vicinity of the vehicle that defendant, Brian Mast, was operating;

j. Failing to perceive the highly apparent danger to others which the defendant's

14

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

actions and/or inactions posed;

k.  Failing to give the plaintiff meaningful warning signs concerning the impending incident;

l.  Failing to exercise ordinary care to avoid injuring plaintiff;

m.  Failing to be highly vigilant and to maintain sufficient control of defendant Heritage Crystal Clean, LLC's vehicle;

n.  Striking the vehicle plaintiff occupied;

o.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

p.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

q.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

r.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the Township of Bensalem and County of Bucks, and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

s.  Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

37.  The negligence and/or carelessness of defendant further consisted of the following:

a.  Permitting an incompetent driver to operate the motor vehicle;

15

Case# 2017-04755-0 - JUDGE:40   Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

b. Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c. Failing to determine whether defendant driver possessed a valid license or other requirements to drive and/or operate a motor vehicle;

d. Failure to inspect defendant driver's prior history of bad driving;

e. Failing to instruct defendant driver in the proper method of operating a motor vehicle;

f. Failing to properly instruct the defendant driver on how to properly operate his or her motor vehicle and its warning apparatus in an emergency situation;

g. Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver were operating the motor vehicle at the aforesaid time and place as herein before described;

h. Failing to maintain said vehicle in a safe condition; and,

i. Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway.

38.    As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: posttraumatic cephaglia, posttraumatic cervical sprain and strain, posttraumatic lumbar sprain and strain, multi-level lumbar disc protrusions, left L5 lumbar radiculopathy, and other ills and injuries, all to plaintiff's great loss and detriment.

39.    As a result of these injuries, all of which are permanent in nature and all of which are

16

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

40.    As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

41.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

42.    Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

SPEAR , GREENFIELD,
RICHMAN & WEITZ, P.C.


BY:    **MARC F. GREENFIELD, ESQUIRE**


**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND/OR WAS EFFECTUATED.**
lcs

Case# 2017-04755-0 - JUDGE:40  Received at County of Bucks Prothonotary Office on 07/21/2017 10:27 AM, Fee = $250.25

## VERIFICATION

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.